UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LINDA CHASE,

    Plaintiff,

v.                                                                     Case No. 5:22cv225-RH-HTC

KIRAN AHUJA, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Linda Chase, a prolific filer in this District,[1] initiated this action by filing a civil complaint. After reviewing the complaint, the undersigned recommends this case be dismissed without prejudice, as Plaintiff's allegations do not present a federal question sufficient to invoke this Court's subject-matter jurisdiction.

**I.    BACKGROUND**

Plaintiff is a former United States Postal Service ("USPS") employee. Her complaint names five Defendants: (1) Kiran Ahuja, Director of the U.S. Office of

---

[1] In the last five months, Plaintiff has filed twelve other cases here. *See Chase v. Dejoy*, 5:22cv102-TKW-MAF; *Chase v. Walsh*, 5:22cv105-AW-HTC; *Chase v. DeSantis*, 5:22cv106-MW-HTC; *Chase v. Thames*, 5:22cv145-RH-MAF; *Chase v. Fisher*, 5:22cv179-AW-ZCB; *Chase v. Muniz*, 5:22cv193-MCR-MAF; *Chase v. Kijakazi*, 5:22cv194-AW-ZCB; *Chase v. Muniz*, 5:22cv195-TKW-HTC; *Chase v. Pelosi*, 5:22cv196-AW-MAF; *Chase v. Burrows*, 5:22cv197-MW-MAF; *Chase v. Shepard*, 5:22cv198-TKW-ZCB; *Chase v. Whitcomb*, 5:22cv226-AW-MAF.

Personnel Management ("OPM"); (2) Merrick Garland, Attorney General of the United States; (3) Jason Coody, U.S. Attorney for the Northern District of Florida; (4) Helen Hayden, Customer Service Specialist for the OPM; and (5) Robert T. Williams, Medical Specialist for the OPM. ECF Doc. 1 at 1-2, 4-6. The complaint sets forth the following factual allegations, the truth of which are accepted for purposes of this Report and Recommendation.

Plaintiff received a letter dated March 3, 2022, from the USPS notifying her that she "would be removed (fired) for medical inability effective" April 2, 2022. On March 14, 2022, Plaintiff sent her "original immediate retirement application that included ECAB's approval of [her] FECA benefits via express mail" to the OPM office in Boyers, Pennsylvania. The application was delivered on March 15.

On March 24, 2022, Defendant Hayden "returned ([Plaintiff] would later discover) a copy of [the] original application." Hayden told Plaintiff to send the application to "USPS HR Shared Services" in Greensboro, North Carolina. Since Plaintiff's retirement was to take effect on March 31, she sent her immediate retirement application via express mail to Shared Services on March 25. On March 31, Deanna, a USPS service employee, called Plaintiff and left a message informing her the application was being returned for her "to correct a few things and to make sure [she] returned the original paperwork." When Plaintiff reviewed the application, she noticed it "was not the original sent to OPM because [she signed

her] name in blue ink." Plaintiff made a color copy of the application and sent it back via certified mail on April 4, 2022. Plaintiff also emailed Andrea Starks, a supervisor at USPS HR Shared Services, a color copy. After Starks told Plaintiff her original signature was needed on the application, Plaintiff explained her original application had not been returned to her.

On April 25, 2022, Plaintiff received a letter from Shared Services informing her that her "paperwork was sent to Accounting Services who would forward to OPM." The letter also advised Plaintiff she "would be paid interim pension until OPM completed [her] paperwork." Around the beginning of May 2022, Plaintiff "had some concerns" so she called Hayden; Hayden stated she was not assigned to Plaintiff's case. Plaintiff began emailing Hayden at the end of May because Plaintiff "learned from Accounting Services that [her] paperwork was sent to OPM via express but Ms. Hayden kept insisting that the only thing in the system was when [Plaintiff] applied for FERS disability in 2019."

Plaintiff later learned her immediate retirement application "was sent express along with 60-80 other retirement applications." Plaintiff says "the express [mail] was manually scanned," which "is against postal policy," and sat in Boyers for about a week. After providing Hayden "all of this proof," Plaintiff's application was processed. Plaintiff alleges Hayden violated the Rehabilitation Act and Americans with Disabilities Act ("ADA") by delaying the processing of Plaintiff's immediate

retirement application and by not providing the original application to USPS HR Shared Services.

Plaintiff also alleges Defendant Williams, an OPM Medical Specialist, violated the Rehabilitation Act and ADA by failing "to abide by MSPB Admin Judge Jeffrey Morris' decision," which required Williams to "issue a reconsideration decision within 60 days of" September 29, 2020. Plaintiff did not receive the reconsideration decision until January 2021. Plaintiff claims she never received FERS disability payments because she "turned 62 years old and FERS disability ends at age 62 [and] immediate retirement applications must be filed."

Based on the foregoing, Plaintiff seeks damages of $750,000 "due to the gross negligent conduct/behavior of the OPM employees."

## II.   LEGAL STANDARD

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction

pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted). But "[e]ven a claim that arises under the Constitution, laws, or treaties of the United States may be dismissed for lack of subject-matter jurisdiction if (1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction,' or (2) 'such a claim is wholly insubstantial and frivolous.'" *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014) (quoting *Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998)). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted).

In addition, to state a claim, Plaintiff must plead factual content which allows the Court to draw the reasonable inference the Defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must read Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Moreover, simply referring to a constitutional amendment or federal law does not create subject matter jurisdiction. *See Mitchell v. Parham*, 357 F.2d 723, 725 (10th Cir. 1966) ("a mere allegation . . . that the cause arises under the Constitution or laws of the United

States without specific facts is not enough under any standard to pass the jurisdictional hurdle").

## III. DISCUSSION

District courts have "unquestionable authority to control their own dockets," which includes a "broad discretion in deciding how best to manage the cases before them." *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Under this inherent authority, a district court may dismiss a case *sua sponte*, so long as it follows a "fair procedure," such as by giving plaintiff a notice of its intent to dismiss or an opportunity to respond. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). A report and recommendation serves as such notice. *See, e.g.*, *Shivers v. Int'l Bhd. of Elec. Workers Local Union*, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (a magistrate judge's report and recommendation may serve as notice of the Court's intent to dispose of a case). Thus, for the reasons discussed below, the undersigned finds a *sua sponte* dismissal is appropriate in this case because there is no federal jurisdiction and allowing Plaintiff an opportunity to amend would be futile given the facts that are alleged.

### A. ADA and Rehabilitation Act[2]

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Similarly, § 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

To state a claim under either statute, a plaintiff must allege: "(1) that [she] is a qualified individual with a disability; (2) that [she] was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that the exclusion, denial of benefit, or discrimination was by reason of the plaintiff's disability." *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1083 (11th Cir. 2007); *see also Henderson v. Thomas*, 913 F. Supp. 2d 1267, 1287 (M.D. Ala. 2012) ("Claims

---

[2] Plaintiff does not specify which Title of the ADA she alleges Defendants violated. The Court assumes she is invoking Title II, as that Title prohibits discrimination by governmental entities, while Title I prohibits discrimination by employers and Title III prohibits discrimination by private entities in places of public accommodation. *See Access Now, Inc. v. S. Fla. Stadium Corp.*, 161 F. Supp. 2d 1357, 1362 (S.D. Fla. 2001).

Case No. 5:22cv225-RH-HTC

under both [the ADA and Rehabilitation Act] are governed by the same standards.") (citations omitted).

Here, Plaintiff does not allege she is a qualified individual with a disability or that she suffered any discrimination because of a disability. The fact Defendant Hayden may not have properly processed Plaintiff's retirement paperwork is not sufficient to establish an ADA or Rehabilitation Act claim. Likewise, Defendant Williams' failure to issue a timely reconsideration decision does not demonstrate discrimination based on a disability. Furthermore, "Title II of the ADA is not applicable to the federal government." *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000) (citing 42 U.S.C. § 12131(1)). Thus, Plaintiff's ADA and Rehabilitation Act claims are frivolous.

### B. Ahuja, Garland, and Coody

Finally, Fed. R. Civ. P. 8 requires a complaint to contain a short and plain statement of the claim showing Plaintiff is entitled to relief. However, the statement of facts in Plaintiff's complaint contains no factual allegations about Defendants Ahuja, Garland, and Coody. Because Plaintiff has failed to plead factual content which allows the Court to draw the reasonable inference these Defendants are liable for the misconduct alleged, *see Iqbal*, 556 U.S. at 678, or for any alleged violation of a federal statute or constitutional right, Plaintiff has not stated a claim against these Defendants.

## IV.  CONCLUSION

Although Plaintiff alleges Defendants Hayden and Williams violated the ADA and Rehabilitation Act, those allegations are frivolous.  Because Plaintiff has not established a federal question sufficient to invoke this Court's subject-matter jurisdiction, this case should be dismissed without prejudice.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.") (citations omitted).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 26th day of October, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.