IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LINDA CHASE,

    **Plaintiff,**

v.                                                          Case No. 5:22-cv-225-AW-HTC

KIRAN AHUJA, et al.,

    **Defendants.**

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the court is the magistrate judge's October 26, 2022 report and recommendation. ECF No. 12. I have considered it, and I have considered de novo the issues raised in Plaintiff's objections, ECF No. 14.

Before I turn to the merits, I will address a separate issue. As the magistrate judge notes, Plaintiff has recently filed many lawsuits in this district. She has raised many claims against many defendants, including me and other judges on this court. Plaintiff sued me in a now-closed case. *See Chase v. Muñiz et al.*, Case No. 5:22cv193 (N.D. Fla.). Although I was never served, I became aware of the action.

Plaintiff's suits have led to many recusals. I choose to explain here why I did not recuse in this case. The duty to recuse "is an 'affirmative, self-enforcing obligation,'" *Jenkins v. Anton*, 922 F.3d 1257, 1271 (11th Cir. 2019) (quoting *United States v. Kelly*, 888 F.2d 732, 744 (11th Cir. 1989)), so I address the issue even though Plaintiff has not sought my recusal in this case.

1

The federal recusal statute provides that a judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under this provision, a judge must recuse "only if 'an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality.'" *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007) (quoting *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003)).

Ordinarily, I would not preside over an action involving a party who had recently sued me personally. This is because, ordinarily, that situation would make a reasonable observer entertain doubt about the judge's impartiality. But these are not ordinary circumstances, and in this unusual situation, recusal is not necessary.

Recusal decisions "are extremely fact driven." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014). Here, Plaintiff sued me and other judges after receiving rulings not to her liking. There is no reason to think that if I recused, Plaintiff would not sue the next judge too, if she had not already. Recusing in this circumstance would do no good and would not serve the recusal statute's purpose.

There is no hard-and-fast rule that a judge must recuse when he is sued. *See United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."); *In re Martin-Trigona*, 573 F. Supp. 1237, 1243 (D. Conn. 1983) ("[A] judge is not disqualified

under 28 U.S.C. § 455 . . . merely because a litigant sues or threatens to sue him."). Congress could have, of course, made such recusals mandatory, as it did with other categories of cases. *Cf.* 28 U.S.C. § 455(b)(4) (requiring recusal when the judge has a financial interest in a party). But it did not.

This makes ample sense. If a litigant could disqualify any judge by simply suing him in a separate case, litigants could effectively choose their own judges. *Cf. Carter v. West Publ'g. Co.*, 1999 WL 994997, at *2 (Tjoflat, J.) ("Congress required that a judge's impartiality must 'reasonably be questioned' in order for the judge to recuse, because 'there is the need to prevent parties from . . . manipulating the system for strategic reasons, perhaps to obtain a judge more to their liking.'" (quoting *FDIC v. Sweeney*, 136 F.3d 216, 220 (1st Cir. 1998) (internal quotation marks omitted)).

Under the present circumstances, I conclude that no "objective, fully informed lay observer would entertain significant doubt about the judge's impartiality." *Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000). Therefore, I have no obligation to recuse. And because "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is," *In re Moody*, 755 F.3d at 895, I must not recuse.

I now turn to the merits. The case is plainly frivolous, as the magistrate judge concludes. I will dismiss it for lack of subject-matter jurisdiction.

> A federal court may dismiss a federal question claim for lack of subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.

*Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022) (quoting *Blue Cross & Blue Shield v. Sanders*, 138 F.3d 1347, 1351-52 (11th Cir. 1998) (quoting *Bell v. Hood*, 327 U.S. 678 (1946)))). I recognize that "the category of claims that are 'wholly insubstantial and frivolous' is exceedingly narrow." *Id.* But the claims here fit squarely in that category. There is no "plausible foundation," *id.*, for any aspect of Plaintiff's claims.

The report and recommendation (ECF No. 12) is adopted and incorporated into this order. The clerk will enter a judgment that says, "Plaintiff's claims are dismissed without prejudice for lack of jurisdiction." Plaintiff's objections are overruled. The clerk will close the file.

SO ORDERED on December 16, 2022.

s/ <i>Allen Winsor</i><br>
United States District Judge